UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-2198

OMAR PERDOMO,

Petitioner,

v.

MICHAEL B. MUKASEY, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: June 23, 2008               Decided: July 31, 2008

Before WILKINSON, TRAXLER, and KING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Yurika S. Cooper, IMMIGRATION LAW GROUP, PC, Washington, D.C., for Petitioner. Gregory G. Katsas, Acting Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Eric W. Marsteller, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Omar Perdomo, his wife, and three minor children (collectively "the Petitioners"), natives and citizens of Columbia, petition for review of an order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's decision, which denied their requests for asylum and withholding of removal. Perdomo is the primary applicant; the claims of his wife and children are derivative of his application. See 8 U.S.C. § 1158(b)(3) (2000); 8 C.F.R. § 1208.21(a) (2007).

In their petition for review, the Petitioners argue that the Board and immigration judge erred in concluding that their asylum application was time-barred. Under 8 U.S.C. § 1158(a)(3) (2000), "[n]o court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)," which includes both the Attorney General's decisions whether an alien has complied with the one-year time limit and whether there are changed or extraordinary circumstances excusing the untimeliness. Courts of appeal have uniformly held this jurisdiction-stripping provision precludes judicial review not only of all such determinations, but also of the merits of the underlying asylum claim. See Chen v. U.S. Dep't of Justice, 434 F.3d 144, 151 (2d Cir. 2006) (collecting cases). Given this jurisdictional bar, we cannot review the Petitioners' challenge to the finding that their asylum application was untimely.

The Petitioners also contend the Board and the immigration judge erred in denying their request for withholding of removal. "To qualify for withholding of removal, a petitioner must show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)); see 8 C.F.R. § 1208.16(b) (2007). Based on our review of the record, we find that the Petitioners failed to make the requisite showing. We therefore uphold the denial of their request for withholding of removal.

Accordingly, we deny the Petitioners' petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

- 3 -